ADOPTION AND VISITATION OF A MINOR. October 1, 1982. This is an appeal by the maternal grandmother and her male companion (hereafter referred to simply as the "grandmother") from a judgment allowing the adoption of her grandchild by the current foster parents, and dismissing a cross petition for adoption by the grandmother. The foster parents have cared for the child continuously from the time she was surrendered by the biological mother to the Department of Public Welfare. The child, eighteen months old at the time the mother requested that she be placed in foster care, was four and one-half years old at the time of the decision in the Probate Court.

The probate judge concluded that "the [maternal grandmother and her companion] are unfit to be [the child's] adoptive parents and that her adoption by them would not be in her best interest." The judge did not err. We find nothing in the record which would require the judge to have concluded otherwise. The judge made specific and detailed findings. The evidence amply supports these subsidiary findings on which the judge based his decision. We need not recount all the judge's findings. It is sufficient merely to recite one finding: "[I]n anticipation of this litigation, the parties and their families were scrutinized by several experts in child care . . . . None of these [experts], including . . . [one], retained by the [grandmother], endorses" the child's adoption by the grandmother. (The judge also added that the guardian ad litem held a similar view.)

The judge found that during the period the child had been in foster care the prospective adoptive parents had provided a loving, supportive environment in which the child overcame significant developmental lags and attained physical and emotional development within normal limits. The judge ruled (we think correctly) that the best interests of the child will be served by granting the adoption petition of the foster parents.

The judge further found that "a continuation of [the association of the grandmother] with [the child] after adoption would . . . hamper [the latter's] life and development" in her adoptive family, "and would not be in her best interest." See *Petition of Dept. of Pub. Welfare to Dispense with Consent to Adoption*, 383 Mass. 376, 379 (1981). Because the record amply supports the judge's findings and his conclusions based on those findings, we need not reach the questions pertaining to the applicability of G. L. c. 210, § 6, to postadoption visitation rights. Compare G. L. c. 119, § 39D.

The grandmother also claims the judge erred in refusing to allow a continuance and to permit cross-examination of a certain expert witness. These questions, for the most part, fall into areas left to the trial judge's sound discretion. In any event, in the circumstances they do not rise to the level of reversible error.

*Judgment affirmed.*

*Mark L. Nestor* for the grandmother.

*Joan N. Barrett* for the minor.

*Francis X. Bellotti,* Attorney General, *Maureen L. Fox, & Francine T. Sherman,* Assistant Attorneys General, for Department of Social Services, submitted a brief.